UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

MICHAEL DAVID TENZER,

      Plaintiff,

v.

CITY OF MIAMI BEACH, FLORIDA, PHILIP LEVINE,
MICKY STEINBERG, MICHAEL GREICO,
JOY MALAKOFF, KRISTEN ROSEN GONZALEZ,
RICKY ARRIOLA, JOHN ELIZABETH ALEMAN,
DANIEL J. OATES, OMAR MARRERO,
and VINCENTE CANETE,

      Defendants.

_____/

## VERIFIED COMPLAINT

COMES NOW the Plaintiff, MICHAEL DAVID TENZER, by and through undersigned

counsel, and hereby sues the CITY OF MIAMI BEACH, FLORIDA, PHILIP LEVINE, MICKY

STEINBERG, MICHAEL GREICO, JOY MALAKOFF, KRISTEN ROSEN GONZALEZ,

RICKY ARRIOLA, JOHN ELIZABETH ALEMAN, DANIEL J. OATES, OMAR MARRERO,

and VINCENTE CANETE, and states as follows:

1.     This is an action for damages, declaratory judgement and injunctions.

2.     This is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal

        Rules of Civil Procedure and is within the Admiralty subject matter jurisdiction of this

        Court based upon 28 U.S.C. §1333, and the U.S. Constitution, Article III, Section 2.

3.     This Court has jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1367.

## PARTIES

4.    Plaintiff Michael David Tenzer (hereafter Tenzer)  owns and operates a business in
      Miami Beach, Florida, and is therefore within the jurisdiction of the Court.

5.    The City of Miami Beach (hereafter Miami Beach) is a municipality incorporated in
      1915;  it is located within Miami-Dade County, Florida,  and therefore within the
      jurisdiction of this Court.  Miami Beach operates on a commission/city manager form of
      government. The commission consists of a mayor and six commissioners who serve as
      the policy-making body of the city.

6.    Philip Levine (hereafter Levine) is the Mayor of Miami Beach and a resident of Miami-
      Dade County Florida, and therefore within the jurisdiction of this Court.

7.    Micky Steinberg (hereafter Steinberg) is a Commissioner for the City of Miami Beach
      and a resident of Miami-Dade County, Florida, and therefore within the jurisdiction of
      this Court.

8.    Michael Greico (hereafter Greico) is a Commissioner for the City of Miami Beach and a
      resident of Miami-Dade County, Florida, and therefore within the jurisdiction of this
      Court.

9.    Joy Malakoff (hereafter Malakoff) is a Commissioner for the City of Miami Beach and a
      resident of Miami-Dade County, Florida, and therefore within the jurisdiction of this
      Court.

10.   Kristen Rosen Gonzalez (hereafter Gonzalez) is a Commissioner for the City of Miami
      Beach and a resident of Miami-Dade County, Florida, and therefore within the
      jurisdiction of this Court.

11.     Ricky Arriola (hereafter Arriola) is a Commissioner for the City of Miami Beach and a
        resident of Miami-Dade County, Florida, and therefore within the jurisdiction of this
        Court.

12.     John Elizabeth Aleman (hereafter Aleman) is a Commissioner for the City of Miami
        Beach and a resident of Miami-Dade County, Florida, and therefore within the
        jurisdiction of this Court.

13.     Daniel J. Oates (hereafter Oates) is the Chief of Police of the City of Miami Beach,
        Florida, and therefore within the jurisdiction of this Court.

14.     Omar Marrero (hereafter Marrero) is a police officer, Badge # 492, for the City of Miami
        Beach and therefore within the jurisdiction of this Court.

15.     Vincente Canete (hereafter Canete) is a police officer, Badge # 055, for the City of Miami
        Beach and therefore within the jurisdiction of this Court.

## ADMIRALTY JURISDICTION

### *LOCATION*

16.     Plaintiff Tenzer is the owner of the vessel, Hannah 1, DO 1097273, a 2000 44' Hunter
        sailboat, anchored in Biscayne Bay, north of Belle Island, which is part of the navigable
        waters of the United States.

17.     Biscayne Bay is navigable in fact, it is susceptible of being used in its ordinary condition
        as a highway for interstate and foreign commerce in the customary modes of trade and
        travel on water, and it is subject to the ebb and flow of the tide. See: The Daniel Ball, 77
        U.S. (10 Wall)  557, 563, 19 L. Ed. 999 (1870); In re Complaint of Paradise Holdings,
        Inc., 795 F.2d 756, 759 (9th Cir.1986) ("We hold that in tidal waters, the ebb and flow of
        the tides remains the standard.").

## SUBSTANTIAL RELATIONSHIP TO TRADITIONAL MARITIME ACTIVITY

18.     The Hannah 1 is a vessel. It is an artificial contrivance that is capable of being used, and

is in fact used, as a means of transportation on water. See 1 U.S.C.A. § 3. It is not

merely "practically capable of maritime transportation, Stewart v Dutra Construction,

Co., 543 U.S. 481, 497, 125 S. Ct. 1118, 160 L. Ed. 2d 932 (2005), it is actually capable

of such use and is so used. A reasonable observer, looking to the Hannah 1's physical

characteristics and activities, would consider it designed to a practical degree for carrying

people or things over water." Lozman v. City of Riviera Beach, Fla., 133 S. Ct. 735, 741,

133 S. Ct. 735, 184 L. Ed. 2d 604 (2013).

19.     The anchoring of a vessel in navigable waters is a traditional maritime activity. See

Foremost Ins. Co. v. Richardson, 457 U.S. 668, 102 S. Ct. 2654, 73 L. Ed. 2d 300 (1982);

see also Sisson v. Ruby, 497 U.S. 358, 374, 110 S.Ct. 2892, 111 L. Ed. 2d 292 (1990)

(Scalia, J., concurring)("dropping anchor" is a traditional maritime activity).

20.     Unlawfully harassing vessels at anchor and unlawfully bringing charges against vessel

owners for the act of anchoring "has a potentially disruptive impact on maritime

commerce." Sisson v. Ruby, 497 U.S. 358, 362, 110 S. Ct. 2892, 111 L. Ed. 2d 292

(1990).

21.     As such, this matter which involves the unlawful harassment of a vessel anchored in

navigable waters and the unlawful prosecution of its owner for having anchored his vessel

in navigable waters is within the scope of admiralty jurisdiction of the District Court.

## FACTS

22.     In 2005, the City of Miami Beach enacted into law an Ordinance, Sec. 66-8.- Limitations

on anchoring or mooring within city limits.  (Exhibit 1)

23.     Among other things, the Ordinance provides:

> 66-8 (a)(5)The city has determined that vessels anchored or
>
> moored within the jurisdictional waters of the city on which
>
> persons are residing as their primary residence or for more than
>
> seven consecutive or cumulative days within a 30-day period
>
> constitutes a legal residence for purposes of this section, and such
>
> vessels are "live-aboards" within the jurisdiction of the city to
>
> regulate.
>
> 66-8 (a)(6)  The city has determined that evidence that vessels
>
> anchored or moored within the jurisdictional waters of the city for
>
> more than seven consecutive or cumulative days within a 30-day
>
> period constitutes prima facie evidence that such vessels are no
>
> longer exercising rights of navigation, and within the jurisdiction
>
> of the city to regulate.

24.     According to the terms of the Ordinance, Miami Beach is relying on a Florida Attorney

General's opinion from 1985 for their definition of "live-aboard vessels."  Ordinance 66-

8(a)(4.)  That opinion interpreted the definition of "live-aboard vessel" then codified at

section 327.02, Florida Statutes (1984 supplement), and the prohibition of local

anchoring ordinances in section 327.60, Florida Statutes (1983), but those sections have

been amended numerous times since the opinion was issued three decades ago. (Exhibit 2)

25. Current Florida law is clear: "local governmental authorities are prohibited from regulating the anchoring outside of such mooring fields of vessels other than live aboard vessels as defined in s. 327.02." §327.60, Fla. Stat. (2009). "[S]uch mooring fields" refers to mooring fields that have marked boundaries and are permitted as provided in section 327.40, Fla. Stat. (2009).

26. Section 327.02(19) Fla. Stat. (2015) defines a live aboard vessel as follows:

> (19) "Live- aboard vessel"means:
>
> (a) A vessel used solely as a residence and not for navigation;
>
> (b) A vessel represented as a place of business or a professional or other commercial enterprise; or
>
> (c) A vessel for which a declaration of domicile has been filed pursuant to s. 222.17.

27. Section 327.74, Fla. Stat. (2015) provides in part that all boating citations shall be issued on the Florida uniform boating citation form. § 327.74(1), Fla. Stat. (2015). Further:

> (3) Every law enforcement officer, upon issuing a boating citation to an alleged violator of any provision of the boating laws of this state or any boating ordinance of any municipality, shall deposit the original and one copy of such boating citation with a court having jurisdiction over the alleged offense or with its traffic violations bureau within 5 days after issuance to the violator.
>
> § 327.74(3), Fla. Stat. (2015).

28.     The Florida Vessel Safety statutes include penalties for failure to comply with Chapter

        327 or 328 of the Florida Statutes.  Section 327.72 provides the default penalty:

                327.72 Penalties.—Any person failing to comply with the

                provisions of this chapter or chapter 328 not specified in s. 327.73

                or not paying the civil penalty specified in s. 327.73 within 30

                days, except as otherwise provided in this chapter or chapter 328,

                ***commits a misdemeanor of the second degree, punishable as***

                ***provided in s. 775.082 or s. 775.083.***  (Emphasis added.)

29.     On March 13th, 2016, the Hannah 1 was lawfully anchored on the navigable waters of

        Biscayne Bay north of Belle Island when Plaintiff Tenzer received a Uniform Boating

        Citation V452134 from Officers Marrero and Canete for "Limitation on Mooring with

        city limits" in violation of Ordinance 66-8.  (Exhibit 3)

30.     This location is not within the marked boundaries of any mooring field.  Moreover, there

        are no mooring fields with marked boundaries that are permitted as provided in section

        327.40, Fla. Stat., within the city limits of the City of Miami Beach.

31.     The issuance of the Citation by the Officers is a criminal act which violates section

        327.60, Fla. Stat., which is  ***a misdemeanor of the second degree, punishable as***

        ***provided in s. 775.082 or s. 775.083.***  § 327.72, Fla. Stat. (Emphasis added.)

32.     There is no evidence the Citation was timely filed with the Miami-Dade Clerk of the

        Court in accordance with section 327.74(3), Fla. Stat.  The failure to file the Citation

        within five days after it's issued is a violation of section 327.74(3), Fla. Stat., and is ***a***

        ***misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.***

        § 327.72, Fla. Stat. (Emphasis added.)

33.   On March 20th, 2016, the Hannah 1 was lawfully anchored on the navigable waters of Biscayne Bay north of Belle Island when Plaintiff Tenzer received a Uniform Boating Citation V452150 from Officer Marrero for "Violation of anchorage ord [*sic*]7 days within City" citing Ordinance 66-8.  (Exhibit 4)

34.   The issuance of the Citation by the Officers is a criminal act which violates section 327.60 Fla. Stat.,which is *a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.* § 327.72, Fla. Stat. (Emphasis added.)

35.   There is no evidence the Citation was timely filed with the Miami-Dade Clerk of the Court in accordance with section 327.74(3) Fla.Stat.  The failure to file the Citation within five days after it's issued is a violation of section 327.74(3), Florida Statutes, and is *a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.* §327.72, Fla. Stat. (Emphasis added.)

36.   On March 25, 2016, a letter on behalf of Plaintiff Tenzer was sent to Chief Daniel Oates demanding a cease and desist of writing citations for anchoring in violation of sections 327.02, 327.60 and 327.72 of the Florida Statutes.  (Exhibit 5 - Correspondence and proof of delivery.)

37.   On April 3, 2016, the Hannah 1 was lawfully anchored on the navigable waters of Biscayne Bay north of Belle Island when Plaintiff Tenzer received a "Notice of Violation" from Officers Marrero and Canete citing him for repeat violation of Section 66-8 of the City Code of Miami Beach.  (Exhibit 7)

38.   The issuance of the Notice by the Officers constitutes the enforcement of a prohibited ordinance. It  is a criminal act which violates section 327.60, Fla.Stat., and is *a*

*misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.*
(Emphasis added.)

39.  According to the terms of the Notice, Plaintiff Tenzer was guilty of violating Ordinance
     66-8 without a hearing or opportunity to defend.  He had to move his boat that day or
     charges would be filed with a Special Master.  Plaintiff has 20 days (April 23, 2016) to
     appeal the Office of the Special Master.  The appeal must include payment of $100.00.
     According to the Notice, fines for violation are up to $5,000.00.

40.  As of this date, Plaintiff Tenzer remains lawfully anchored in Biscayne Bay north of Belle
     Island.

41.  As a result of illegal actions taken by the City of Miami Beach, its commission and its
     police officers named here as Defendants, Plaintiff has been forced to hire an attorney to
     protect his rights to anchor lawfully on Biscayne Bay, navigable waters of the United
     States.

## COUNT I - MALICIOUS PROSECUTION
## AGAINST DANIEL OATES, OMAR MARRERO AND VINCENTE CANETE

42.  Plaintiff realleges and incorporates paragraphs 1 - 41 as though fully set forth herein.

43.  On March 25, 2016, correspondence was faxed and mailed to Chief Daniel Oates
     demanding the Miami Beach Police Department cease and desist from attempting to
     enforce illegal Ordinance 66-8.  (Exhibit 5)

44.  On April 3, 2016, a civil proceeding was commenced against Plaintiff Tenzer in the form
     of a Notice of Violation issued to Plaintiff by Officers Marrero and Canete declaring
     Plaintiff guilty of an anchoring violation.

45.     The proceeding was instigated by Defendants maliciously and with full knowledge the

         ordinance they were attempting to enforce was illegal, and their attempt to enforce the

         ordinance constituted a criminal act by Defendants Marrero and Canete.

46.     This proceeding will end in Plaintiff's favor.

47.     Defendants lacked probable cause to enforce an illegal ordinance.

48.     Plaintiff has been damaged and forced to hire an attorney to represent him in this matter.

         WHEREFORE, Plaintiff demands judgement in his favor declaring the actions of the

Miami Beach police officers to be malicious, along with damages, attorneys fees, costs of

prosecution and all other relief this Court deems just and proper.

## COUNT II- ABUSE OF PROCESS
## AGAINST DANIEL OATES, OMAR MARRERO AND VINCENTE CANETE

49.     Plaintiff realleges and incorporates paragraphs 1 - 41 as though fully set forth herein.

50.     There was an illegal, improper and perverted use of process by Defendants in issuing two

         boating citations (see paragraphs 27, 29) and a Notice of Violation (see paragraph 32) to

         Plaintiff Tenzer in violation sections 327.60 and 327.02, Fla. Stats.

51.     Defendants motive was to exclude Plaintiff from using the navigable waters of Biscayne

         Bay for anchoring his vessel by enforcing illegal Miami Beach Ordinance 66-8.

52.     As a result of Defendants abusive actions, Plaintiff has been damaged and forced to hire

         an attorney to defend his legal right to anchor his boat in navigable waters of the United

         States on Biscayne Bay.

         WHEREFORE, Plaintiff Michael Tenzer hereby demands:

         (a)     A temporary restraining order be issued by the Court preventing enforcement of

                 illegal Miami Beach Ordinance 66-8; and

(b)     Declaratory judgment declaring Miami Beach Ordinance 66-8 is illegal and
enforcement of Ordinance 66-8 is an illegal act in accordance with Fla.Stat.§
327.60.

## COUNT III – VIOLATION OF PLAINTIFF'S
## CONSTITUTIONAL RIGHT TO LIBERTY
## AS TO ALL DEFENDANTS

53.   Plaintiff realleges and incorporates paragraphs 1 - 41 as though fully set forth herein

54.   This is an action for damages in accordance with 42 U.S.C. §1983 and the Fourth
Amendment of the United States Constitution for violation of Plaintiff's right of liberty to
anchor his vessel in the navigable waters of the United States.

55.   Defendants undertook the above described actions in violation of Florida law.

56.   Miami Beach Ordinance 66-8 is an invalid exercise of the police power because it
violates Plaintiff's constitutional right of liberty and is in conflict with, prohibited by,
unenforceable, or in violation of sections 327..02, 327.46, 327.60, 327.70, and 327.72,
Fla. Stats., Florida Administrative Code 68D-23.101 and 68D-23.103, and general
maritime law.

57.    Defendants' enactment, continuation in effect and enforcement of Ordinance 66-8
violates Plaintiff's liberty to exercise his right to anchor his vessel in the navigable waters
of the United States, including the waters of Biscayne Bay.

58.   WHEREFORE, Plaintiff Michael Tenzer hereby demands:

(a)     A temporary restraining order be issued by the Court preventing enforcement of
illegal Miami Beach Ordinance 66-8;

(b)     Declaratory judgment declaring Miami Beach Ordinance 66-8 is illegal and enforcement of Ordinance 66-8 is an illegal act in accordance with section 327.60, Fla.Stat.;

(c)     Attorneys' fees and costs of suit in accordance with 42 U.S.C. 1983; and

(d)     Any other such relief this Court may deem proper and just.

### COUNT IV  VIOLATION OF PLAINTIFF'S RIGHT TO PROCEDURAL DUE PROCESS ALL DEFENDANTS

59.     Plaintiff realleges and reincorporates paragraphs 1-41 as though fully set forth herein.

60.     The Notice of Violation of Ordinance 88-6 (Exhibit 6) drafted and approved under the authority of the City Commission and the Chief of Police declares Plaintiff guilty when the Notice is written.

61.     The Notice fails to provide an opportunity for hearing before a judge prior to determination of guilt, but rather places that determination in the hands of Officers Marrero and Canete when they write their illegal Notice.

62.     In accordance with the Notice, Plaintiff's only opportunity to challenge the Notice is to file an appeal and pay $100.00 to have it heard.

63.     Defendants have deprived Plaintiff Tenzer to his right to procedural due process of law in a proceeding by declaring him guilty prior to a hearing and attempting to deny him the liberty to anchor freely in Biscayne Bay.

64.     This denial of his rights is a violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

WHEREFORE, Plaintiff Michael Tenzer hereby demands:

(a)     A temporary restraining order be issued by the Court preventing enforcement of illegal Miami Beach Ordinance 66-8 as to Plaintiff Tenzer;

(b)     Declaratory judgment declaring Miami Beach Ordinance 66-8 is illegal and enforcement of Ordinance 66-8 is an illegal act in accordance with section 327.60, Fla. Stat. (2009).

(c)     Attorneys' fees and costs of suit in accordance with 42 U.S.C. 1983; and

(d)     Any other such relief this Court may deem proper and just.

## COUNT V – DECLARATORY JUDGMENT TO DECLARE THE CITY OF MIAMI BEACH ORDINANCE 88-6 INVALID

65.     Plaintiff realleges and reincorporates paragraphs 1-41 as though fully set forth herein

66.     Miami Beach Ordinance 66-8 is unlawful on its face and as applied because it violates general maritime law by interfering with the lawful right to anchor on the navigable waterways of the United States.

67.     Further, Miami Beach Ordinance 66-8 is unlawful on its face and as applied because if violates sections 327..02, 327.46, 327.60, 327.70, and 327.72, Fla. Stats., and Florida Administrative Code 68D-23.101 and 68D-23.103.

68.     Section 327.60, Fla. Stat. as amended most recently in 2009, states:

(3) Nothing in this section shall be construed to prohibit local governmental authorities from the enactment or enforcement of regulations which prohibit or restrict the mooring or anchoring of floating structures or live-aboard vessels within their jurisdictions or of any vessels within the marked boundaries of mooring fields permitted as provided in s. 327.40. *However, local governmental*

> *authorities are prohibited from regulating the anchoring outside*
>
> *of such mooring fields of vessels other than live-aboard vessels*
>
> *as defined in s. 327.02.* (Emphasis added.)

69.  Attorney general opinion 85-45, cited in Sec. 66-8 of the Miami Beach Ordinance and relied on by Defendants, was made moot in 2006 by action of State Statutes. Ch. 2006-309, § 3, Law of Fla. (2006). By 2009, legislative action had made this opinion entirely irrelevant: by amending the definition of "live-aboard vessel"; by further clarifying that municipalities had no authority to regulate anchoring in the manner of Miami Beach Ordinance 66-8; and by specifically prohibiting municipalities from enacting, continuing in effect, or enforcing such ordinances. Ch. 2009-86, §§ (6), (14), Laws of Florida (2009). (Composite Exhibit 7)

70.  Defendants City of Miami Beach, its Mayor and Commission enacted, have continued in effect, and are enforcing Section 66-8 as though it is valid law.

71.  An actual controversy exists between Plaintiff and Defendants regarding their respective rights and duties under the provisions of Miami Beach Ordinance 88-6 and Plaintiff herein asks the Court to declare the rights and duties of the parties.

WHEREFORE, Plaintiff demands judgment declaring the provisions of Ordinance 66-8 of the City of Miami Beach invalid on its face and as applied, and further demands attorney's fees and costs of suit and all other relief the Court deems just and proper.

## COUNT VI – PERMANENT INJUNCTION TO ENJOIN ENFORCEMENT OF MIAMI BEACH ORDINANCE 66-8

72.  Plaintiff realleges and reincorporates paragraphs 1-41 as though fully set forth herein.

73.  Plaintiff alleges Ordinance 66-8 is unlawful and violates the laws of the State of Florida and general maritime law.

74.     Plaintiff alleges Ordinance 66-8 violates Plaintiff's rights to liberty and to substantive and
        procedural due process under Amendments 4, 5 and 14 of the Constitution of the United
        States.

        WHEREFORE, Plaintiff demands judgment permanently enjoining Defendants from any
attempts and prosecution or enforcement of Ordinance 66-8, and for attorney's fees and costs of
suit, and all other relief the Court deems just and proper.

**COUNT VII**
**IMMEDIATE TEMPORARY INJUNCTION**
**TO ENJOIN ENFORCEMENT OF MIAMI BEACH ORDINANCE 66-8**

75.     Plaintiff realleges and reincorporates paragraphs 1-41 as though fully set forth herein.

76.     Plaintiff alleges Ordinance 66-8 is unlawful and violates the laws of the State of Florida
        and general maritime law.

77.     Plaintiff alleges Ordinance 66-8 violates Plaintiff's rights to substantive and procedural
        due process under Amendments 4, 5 and 14 of the Constitution of the United States.

78.     There is a strong likelihood Plaintiff will suffer immediate and irreparable injury if an
        injunction is not immediately issued.

79.     There is no adequate remedy at law.

80.     Plaintiff has a probability of success on the merits of this suit.

81.     The rights asserted by Plaintiff are of great public importance and have great potential to
        impact maritime commerce.

82.     The harm to Plaintiff is serious if Defendants are not immediately enjoined.  The harm of
        the status quo to Defendants is minimal.

WHEREFORE, Plaintiff demands this Court immediately enjoin Defendants on a temporary basis from enforcing provisions of Miami Beach Ordinance 66-8 as to Plaintiff, on the date specified in the Uniform Boating Citation Exhibits , and thereafter during the adjudication of this suit.

## TRIAL

In accordance with general maritime law, Plaintiff demands a bench trial for this suit.

Respectfully submitted this 10th day of April, 2016.

s/ Joanne M. Foster

Joanne M. Foster, FBN 134635
Guy Yudin & Foster, LLP
55 East Ocean Blvd.
Stuart FL 34994
772-286-7372 x207
772-220-3318 (fax)
jfoster@guyyudinlaw.com
*Attorney for Plaintiff Michael David Tenzer*

## VERIFICATION

STATE OF FLORIDA        )
COUNTY OF MIAMI-DADE )

MICHAEL DAVID TENZER being duly sworn, deposes and says:

I am the Plaintiff herein.  I have read the foregoing Verified Complaint : and know the facts thereof and the same are true of my own knowledge.

The sources of my information and the grounds of my belief as to all matters in the Verified Complaint are based on my own knowledge.

MICHAEL DAVID TENZER

Subscribed and sworn to before me this ___ day of April, 2016.

Notary Public
My commission expires:  6\30\2019

Jessica Rodriguez
Notary Public
State of Florida
My Commission Expires 6/30/19
Commission No. FF 245942