UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-21276-CIV-SEITZ/TURNOFF

MICHAEL DAVID TENZER,

        Plaintiff,

vs.

CITY OF MIAMI BEACH, FLORIDA, ET AL.,

        Defendant.
_____/

## ORDER DENYING MOTION FOR TEMPORARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

This matter is before the Court on Plaintiff's Amended Motion for Preliminary Injunction and for Temporary Restraining Order Before May 5, 2016 [DE-8]. Plaintiff seeks a temporary restraining order or preliminary injunction enjoining "Defendants from prosecution and enforcement of City Ordinance 66-8 against Plaintiff beginning on April 23, 2016." As set out in the title of the motion, Plaintiff seeks such relief before May 5, 2016, in other words, within two days of the filing of his motion. Despite this, Plaintiff did not file his motion as an "emergency." Both a preliminary injunction and temporary restraining order are considered extraordinary relief and, as such, the Court is constrained by the dictates of Federal Rule of Civil Procedure 65. Plaintiff has not met those dictates and they cannot be met within the short time frame sought by Plaintiff. Consequently, the motion must be denied.

Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B), in order to obtain a temporary restraining order, the movant's attorney must "certify in writing any efforts made to give notice and the reasons why it should not be required." Counsel has not provided this necessary certification. Furthermore, this complaint was filed on April 10, 2016, but counsel did not file

the proposed summonses until April 20, 2016.  No returns of service have yet been filed in the record.  Thus, the record does not reflect an attempt to promptly serve Defendants with the complaint or the instant motion.  Therefore, the record does not reflect any efforts to give notice or reasons why it should not be required.  Because Plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 65(b), the Amended Motion for Temporary Restraining Order is denied.

Pursuant to Federal Rule of Civil Procedure 65(a)(1), the Court may not issue a preliminary injunction without notice to the adverse party.  There is no record evidence that Defendants have been served with the Motion for Preliminary Injunction and only Defendant City of Miami Beach, Florida has filed a Notice of Appearance.  The Motion for Preliminary Injunction seeks to enjoin all of the Defendants.  Thus, there is no way for the Court to give the necessary notice and no record evidence that Plaintiff has done so.  Moreover, Defendants must have an opportunity to oppose the injunction.  *Four Season Hotels & Resorts, B.V. v. Consocio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003).  The notice requirement of Rule 65 also "implies a hearing in which the Defendant is given a fair opportunity to oppose the application and to prepare for such opposition."  *Id.* (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 4343 n.7 (1974)).  Such an opportunity cannot be provided in the two days prior to the May 5, 2016 deadline that Plaintiff sets out.  *See Four Seasons*, 320 F.3d at 1210-11.[1]  Thus, the Amended Motion for Preliminary Injunction must also be denied.

ORDERED that:

---

[1] While an evidentiary hearing may not be necessary, as Plaintiff points out, that does not obviate the need to allow Defendants to oppose the relief sought.

1. Plaintiff's Amended Motion for Preliminary Injunction and for Temporary Restraining Order Before May 5, 2016 [DE-8] is DENIED without prejudice.

2. Plaintiff's Motion for Preliminary Injunction and for Temporary Restraining Order Before May 5, 2016 [DE-7] is DENIED as moot.

DONE AND ORDERED in Miami, Florida, this 2nd day of May, 2016.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record